# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JOHN THOMAS SKORDAS,**

    **Plaintiff,**

v.                                                                                          Case No: 5:19-cv-530-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This matter is before the undersigned on Defendant's Unopposed Motion for Entry of Judgment with Remand in which Defendant requests the Court to remand this case so that the Commissioner can take further administrative action. (Doc. 19). Defendant states that Plaintiff has no objection to the Motion to Remand.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

- 2 -

Therefore, the undersigned agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is ordered that:

(1) Defendant's Unopposed Motion for Entry of Judgment with Remand (Doc. 19) is GRANTED.

(2) This action is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for the following reasons:

> For the Administrative Law Judge to consolidate the claims files, associate the evidence, adjudicate the claims under the prior rules for evaluating medical evidence, and issue a new decision on the consolidated claims as to whether the claimant was disabled prior to April 10, 2019.

(3) The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on April 24, 2020.

.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties